**In re Cheryl L. PEREZ, Debtor.**

**No. 05–25535 ABC.**

United States Bankruptcy Court,
D. Colorado.

June 12, 2008.

Evan Park Howell, III, Metairie, LA,
Glenn W. Merrick, Greenwood Village, CO,
Robert S. Abdalian, New Orleans, LA, for
Debtor.

Sender & Wasserman, P.C., Kenneth J. Buechler, Denver, CO, for Trustee.

Leigh Flanagan, Denver, CO, for U.S. Trustee.

## ORDER DENYING APPLICATION FOR FINAL ALLOWANCE AND DENYING AUTHORIZATION FOR PAYMENT OF SPECIAL COUNSEL FOR THE DEBTOR

A. BRUCE CAMPBELL, Bankruptcy Judge.

BEFORE THE COURT is the application (the "Application") pursuant to 11 U.S.C. § 330(a), of Robert S. Abdalian ("Applicant") for approval of and authorization to pay professional fees and reimbursement of expenses. Applicant served as special counsel to the debtor-in-possession, representing her during her Chapter 11 in an appeal of a judgment against her and others in Louisiana state court ("Louisiana State Court Judgment"). Applicant's representation of the Debtor spans the period between June 22, 2005 and August 24, 2006. On the latter date, the case was converted to the present Chapter 7 proceeding.

The Application drew objections from the Chapter 7 Trustee ("Trustee") and S. Stewart Farnet ("Farnet"), the largest creditor in this case and holder of the Louisiana State Court Judgment, the appeal of which was the subject of Applicant's engagement in this bankruptcy case. Shortly before the trial of this matter, the Trustee and Applicant reached a stipulation, subject to court approval, pursuant to which Applicant would reduce his fees by 15%, and, in exchange, the Trustee would withdraw his objection to the fees requested.[1]

■ On May 22, 2008, this Court conducted an evidentiary hearing on the Application and Farnet's objection. After taking evidence and hearing argument, this Court took the matter under advisement. The Court has jurisdiction over this matter pursuant 28 U.S.C, §§ 1334(a) & (b) and 28 U.S.C, §§ 157(a) & (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (B), as it involves administration of this bankruptcy estate and, particularly, a claim against this estate.

### Background

On June 22, 2005, Debtor, Cheryl L. Perez ("Debtor"), filed her case as a Chapter 11 reorganization. A substantial state court judgment had been entered against her, in favor of Farnet, approximately two and a half months before she filed her Chapter 11 case. On August 29, 2005, Applicant filed *Debtor's Application to Retain Abdalian LLC as Counsel.* This was accompanied by the disclosures required by Bankruptcy Code § 329(a) and Bankruptcy Rule 2014(a).[2]

On February 13, 2006, the Court entered a compliance order advising Applicant that unless he sought admission to the bar of the United States District Court for

---

1. The Trustee and the Applicant appear to have miscalculated their agreed 15% fee reduction of Applicant's fees. As the Court has not approved the Trustee/Applicant stipulation, and given the ruling contained in this Order, this $3,000 arithmetic error in favor of Applicant need not be corrected.

2. This application purports to be made pursuant to Bankruptcy section 327(a) (general retention). It is, in fact, a section 327(e) application for a "specified special purpose." The statutory qualifications for the latter are less stringent: no adverse interest to the debtor on the particular matter vs. the full blown statutory "disinterestedness" of 11 U.S.C. § 101(14). Applicant was not a "disinterested person" because he was a creditor of the Debtor when the case was filed. Thus, he could not have qualified for appointment under section 327(a).

the District of Colorado or associated with co-counsel who was admitted to this Court's bar, his application to be employed would be stricken as violative of Bankruptcy Rule 9011, On February 24, 2006, Applicant and the Debtor's general bankruptcy counsel moved for Applicant's admission to the bar of this Court *pro hac vice.* On March 6, 2006, the Court entered orders granting that motion as well as approving employment of Applicant *nunc pro tunc* to August 26, 2005. After Debtor's failed effort at reorganization, this case was converted to Chapter 7 on August 24, 2006. On December 15, 2006, Applicant filed his Application for professional compensation under Bankruptcy Code section 330.

### The Application and Farnet's Objection

The Application seeks approval of fees of $48,900.00 and reimbursement of out-of-pocket costs of $7,830.74. The period covered by the Application is from April 26, 2005, some two months before this bankruptcy case was filed, to December 14, 2006, almost four months after this case was converted from Chapter 11 to Chapter 7. On March 26, 2008, at a preliminary, non-evidentiary hearing on the Application and the objections to it, this Court ruled that Applicant could apply part of the $23,000 retainer he had collected to his pre-bankruptcy fees and costs of $14,028.

At that time the Court also ruled that Applicant's post-conversion fees in the amount of $2,675 were disallowed, as a matter of law on the authority of *Lamie v. U.S. Trustee,* 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). Thus, at the trial on the Application, only fees and expenses of $40,027.74 were at issue; and these were the fees and expenses incurred by Applicant during the Chapter 11 portion of this case, from June 22, 2005 to August 24, 2006. The requested fees and costs are secured by the $8,972.00 balance of Applicant's $23,000 retainer (the "Retainer Balance").

Farnet argues first that the compensation Applicant seeks is unreasonable and excessive when measured against the "reasonable compensation for actual, necessary services" standard of section 330(a). In addition, Farnet contends that Applicant did not disclose his engagement with four insiders of the Debtor to represent them on the very same appeal; and that arrangement simply amounts to the insiders' "free-riding" at the expense of this bankruptcy estate. According to Farnet, the estate should pay, at most, 20% of Applicant's compensation.[3]

■ It is Applicant's burden to establish each aspect of his claim to reasonable com-

---

**3.** Farnet also contests $7,525 of Applicant's fees and $619.73 of his costs on the basis that they were incurred during the Chapter 11 portion of this case, but before the effective date of the order authorizing Applicant's appointment. Local Bankruptcy Rule 214 of this Court notes that appointment of professional persons may be granted *nunc pro tunc* as of the date of filing of the application to employ. This division of the Court has been flexible in allowing compensation for a reasonable amount of time *prior* to the filing of a section 327 application for employment if and when the conditions of section 327 are ultimately met. This flexibility is in recognition of two realities: conflict checking in some circumstances is a complex undertaking; and

a debtor in Chapter 11 often faces issues requiring counsel's immediate assistance.

In light of the Court's denial of the Application on other grounds, this Court need not determine if the fees requested for the nine-week gap between the filing of the case and the date of Applicant's petition to be employed are, under the circumstances, reasonable. What is clear is that, contrary to the spirit, if not the letter, of L.B. Rule 910(b), Debtor's experienced host general bankruptcy counsel left Applicant hanging out to dry, at every step, when it came to helping non-bankruptcy, out-of-state, appellate special counsel comply with critical bankruptcy procedural mandates.

pensation. To that end, Applicant relied on his own testimony without calling on the Debtor, co-counsel, the Trustee, an independent expert or any other witness for support. Applicant's own testimony established that he is an experienced appellate lawyer who enjoys a good professional reputation; that the appeal in question involved a voluminous record and complex legal issues; that he committed approximately 195 hours to his effort on this matter; and that his hourly rate charged at $250/hour is at or below the prevailing rates of Louisiana lawyers with his skill and experience, handling matters of this sort. The efficiency of his efforts, given the present status of the appeal, is challenged by Farnet.

The Court is satisfied that, with the 15% reduction in fees which Applicant agreed to with the Trustee, the fees now requested are within the range commensurate with the standards of section 330 as supplemented by those applicable criteria articulated by the American Bar Association, imported into *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and ingrafted onto section 330 by the Tenth and other Circuit Courts of Appeal.[4]

### Applicant's Failure to Comply With Disclosure Requirements of the Bankruptcy Code and Rules

■ More problematic than questions of Applicant's efficiency is his serious failure to make the disclosures required of professionals in the Bankruptcy Code and Rules. When a lawyer seeks employment as special counsel to the trustee or a debtor-in-possession, he or she can qualify only,

> ... if such attorney does not represent or hold any interest adverse to the debtor or the estate with respect to the

matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

To assist the Court and creditors with enforcing such restrictions on bankruptcy professionals, substantial disclosure is mandated. Section 329 of the Code requires a Chapter 11 debtor's counsel to file a statement of compensation paid or agreed to be paid and the source of payment. Bankruptcy Rule 2014 mandates disclosure by proposed counsel of all such person's connections with the debtor, creditors, and any other party in interest. Bankruptcy Rule 2016(b) requires that section 329 and Rule 2014 disclosures be kept current. When an attorney applies for approval of compensation for work performed for a Chapter 11 debtor, the application must include,

> ... a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source [and any sharing arrangements]....

Bankruptcy Rule 2016(a).

When Applicant petitioned this Court to be Debtor's special Louisiana appellate counsel, he did not disclose that he represented the Debtor's husband and three entities wholly owned by the Debtor as appellants in the same matter, free of charge, with the cost to be borne by this bankruptcy estate. Applicant failed to disclose his fee agreement with the Debtor and the other four insiders, a fee agreement that had been entered into a month before the bankruptcy case was filed and that contained terms different from those disclosed in the Application.

---

4. Whether Applicant's representation of other clients in this engagement should reduce his fees by 80%, as argued by Farnet, or any other number, has not been addressed in this ruling.

These omitted disclosures of multiple representations concerned a conflict of interest. Applicant planned to have only one of his clients, this bankruptcy estate, pay the attorneys' fees for four related clients, without disclosing this to the Court or the Debtor's creditors. This arrangement *may* have been benign enough and "all in the family" before the Debtor's bankruptcy was filed, but once the bankruptcy case was filed, things changed. Debtor became a fiduciary and others had a stake. Those others, and the Court, were entitled to the disclosures mandated by the Bankruptcy Code and Rules. Furthermore, as pointed out by Farnet, every dollar collected by Farnet on his unstayed judgment as against the Applicant's other four non-bankrupt clients, at least in the first instance, reduced the liabilities of the Debtor, dollar for dollar. Whose interest was Applicant to look out for first? It is not enough, as Applicant did on cross-examination, to deal with this conflict by stating that the other judgment debtor clients do not have many assets. The Application is also silent about the fact that other sources have paid Applicant $25,000 and promised to pay him an additional $10,000 for work on this appeal.

■ Applicant's violations of the Bankruptcy Code and Rules' attorney disclosure requirements are neither insubstantial nor technical. Applicant's omissions were never brought to the Court's attention until Farnet objected to the Application and Applicant faced Farnet's cross-examination. An attorney's substantial failure to comply with the rules governing disclosure concerning his or her employment by a bankruptcy trustee or debtor-in-possession is grounds to deny that counsel's application for compensation. When acting as special counsel for the Chapter 11 debtor in this case, Applicant labored under an undisclosed conflict with respect to the matter on which the debtor-in-possession employed him. Accordingly, he never was qualified for employment under 11 U.S.C. § 327(e). Under provisions of the Bankruptcy Code,

> ... the court may deny allowance of compensation for services and reimbursement of a professional person employed under section 327 ... if, at any time during such professional person's employment ... such professional person ... represents or holds an interest adverse to the estate with respect to the matter on which such professional person is employed.

11 U.S.C. § 328(c).

Accordingly, for the reasons stated above, it is

**ORDERED** that special counsel's Application for allowance of fees and reimbursement of expenses is DENIED, and Farnet's objection thereto is SUSTAINED;

**FURTHER ORDERED** that Applicant shall, within five days of the date of this Order, reimburse the Trustee the Retainer Balance in the amount of $8,972.00; and

**FURTHER ORDERED** that Farnet is awarded his costs herein; and judgment consistent with this Order shall enter forthwith.